# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| THE PHELAN GROUP, LLC | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO. 2:23-cv-611 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | **LEAD CASE: 2:23-cv-607** |
| *Defendant.* | |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
MOTION FOR SANCTIONS PURSUANT TO RULE 37**

### I. INTRODUCTION

Plaintiff The Phelan Group, LLC ("Phelan") sued Defendant State Farm Mutual Automobile Insurance Company ("State Farm") for alleged infringement of two patents (U.S. Patent Nos. 9,908,508 ("'508 Patent") and 9,943,149 ("'149 Patent"), but made the tactical and unilateral decision to serve infringement contentions for the '149 Patent only. By failing to serve contentions for the '508 Patent, Phelan has ignored its duty to make disclosures under the Federal Rules, the Court's Order (D.I. 16), and the Local Rules of this District requiring it to serve infringement contentions for all asserted patents by March 25, 2024. In subsequent meet and confers, Phelan offered no excuse for its failure. Instead, Phelan suggested that it could drop the '508 at will while reserving the right to serve contentions for the very same patent at a later date of its own choosing. Phelan is wrong. Phelan should not be allowed to blatantly disregard the Court's Order without consequence while preserving the right to assert the same claim at some indeterminate future date.

By willfully failing to comply with its disclosure obligations and this Court's Order, Phelan violated Federal Rule of Civil Procedure 37. Moreover, Phelan knew all along—because State Farm told it in its Rule 11 letter—that the State Farm's Drive Safe & Save®™, supplied by CMT, did not infringe the '508 Patent. Phelan's refusal to dismiss its claims regarding the '508 Patent, despite failing to serve infringement contentions, and threats to assert the '508 Patent in the future prejudice State Farm.

Phelan chose to file suit against State Farm. Phelan chose to assert that State Farm's Drive Safe & Save®™, supplied by Cambridge Mobile Telematics ("CMT"), infringes the '508 Patent. And even after receiving a Rule 11 letter explaining why State Farm cannot infringe the '508 Patent, Phelan chose not to withdraw its complaint, forcing CMT to respond to the Complaint and

analyze invalidity with respect to the '508 Patent. Now that Phelan has failed to serve infringement contentions for the '508 Patent, Phelan must live with the consequences of those decisions.

As such, State Farm respectfully moves the Court to dismiss with prejudice "Count Two Infringement of U.S. Patent No. 9,908,508" of the Complaint pursuant to Federal Rule of Civil Procedure 37(c)(1) and order Phelan to pay the attorney's fees and costs incurred by State Farm in connection with defending against the '508 Patent.

## II. FACTUAL BACKGROUND

Phelan filed its Complaint on December 18, 2023, alleging that State Farm's Drive Safe & Save®™ Platform, which is supplied by CMT, infringes the '149 and '508 Patents (together, the "Asserted Patents"). D.I. 1. However, Phelan's bare bones Complaint neglected to address each limitation of the '508 Patent. As State Farm described, in relevant part, in a February 16, 2024 letter to Phelan, Phelan selectively ignored claim limitations that it knew would undermine its allegations of infringement against the '508 Patent. **Exhibit 1** at 1-2.[1] Specifically, State Farm's Drive Safe & Save®™ product is completely devoid of any ability to control a vehicle in real-time as required by the claims of the '508 Patent. *Id.* Because even a cursory inquiry into Drive Safe & Save®™ would have demonstrated that the infringement claims in the Complaint lacked—and will always lack—evidentiary support, State Farm requested that Phelan voluntarily dismiss its Complaint.[2] *Id.* Weeks passed without a response from Phelan.

Subsequently, State Farm's response to Phelan's Complaint became due. Rather than file a motion to dismiss under Rule 12(b)(6), State Farm heeded the guidance of the Fifth Circuit that

---

[1] "Exhibits" refer to Exhibits to the Declaration of Lana Shiferman, filed herewith.

[2] State Farm's Letter also addressed the '149 Patent, the only other patent asserted against State Farm. The '149 Patent is irrelevant to the relief sought by this motion.

3

such motions are disfavored. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). State Farm filed an Answer that asserted affirmative defenses and counterclaims, including with respect to the '508 Patent.[3] D.I. 13. By forgoing a motion to dismiss, State Farm relied on this District's Rules and trusted that more information for Phelan's claims would be forthcoming in the form of Phelan's infringement contentions. *See Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123-JRG-RSP, 2020 WL 6534094, at *3 (E.D. Tex. Aug. 27, 2020) ("To the extent [defendant] contends the complaint does not contain enough detail as to how it supposedly infringes, [plaintiff]'s infringement contentions provide additional details."); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 WL 7042236, at *3 (E.D. Tex. May 13, 2016) (recognizing the need for infringement contentions at an early stage in the litigation).

On February 14, 2024, the Court issued a Scheduling Order, requiring Phelan to comply with this District's Patent Initial Disclosures 3-1 & 3-2 (Infringement Contentions) by March 11, 2024, two weeks before the scheduling conference. D.I. 12. Phelan moved the Court for an extension until March 25, 2024 (D.I. 15), which the Court granted. D.I. 16.

When Phelan served Infringement Contentions for to the '149 Patent on March 25, it willfully failed to serve infringement contentions for the '508 Patent, s*ee* **Exhibit 2** at 1, despite the Complaint's allegation that State Farm infringed the '508 Patent and the fact that the Court's schedule required such contentions. After State Farm inquired about the lack of infringement contentions, Phelan responded in a letter dated April 4, 2024, suggesting that it may seek to

---

[3] State Farm also asserted that Phelan failed to respond to its February 16, 2024 letter by the time of the filing of the Complaint. D.I. 13 (Counterclaims) at ¶ 38. In its March 22, 2024 Answer to State Farm's Counterclaims, Phelan inexplicably denied that it had failed to respond to State Farm's February 16, 2024 letter by the time of the filing of the State Farm's Counterclaims. D.I. 17 at ¶ 38. When State Farm asked for a copy of Phelan's alleged response, Phelan could only provide a letter dated April 4, 2024—well after State Farm filed its Counterclaims and Phelan's March 22 denial.

resurrect the '508 Patent at a later date of its own choosing.  According to Phelan, it had "opted to proceed with certain claims based on the current status of the case" and so "reserve[d] the right to seek leave to designate additional or different claims against State Farm after being provided discovery." **Exhibit 3** at 3.

In light of Phelan's suggestion that it could "designate additional or different claims against State Farm," despite failing to serve infringement contentions on the '508 Patent, State Farm requested, on April 5, 2024, that Phelan enter into a Joint Stipulation of Dismissal with prejudice as to all claims related to the '508 Patent and offered to meet and confer.  **Exhibit 4**.  On April 10, 2024, State Farm again requested that Phelan either apply its signature to a Joint Stipulation of Dismissal with Prejudice or agree to a meet and confer on the issue.  **Exhibit 4**.  Phelan refused to sign the stipulation, but agreed to meet and confer.  **Exhibit 5**.

At the April 12, 2024 meet and confer, Phelan stated that it intended to file a motion to amend the Complaint to remove its claims regarding the '508 Patent.  Weeks passed.  The parties continued to meet and confer, and on May 23, 2024, Phelan repeated that it intended to file a motion "amending our complaint next week to remove the '508 patent."  **Exhibit 6.**  However, as of the date of the filing of this Motion, Phelan has failed to so.  Phelan's statements all but acknowledged that it never had a good faith basis for asserting at least the '508 Patent against State Farm.  While the parties continued to meet and confer regarding this issue, on July 2, 2024, State Farm informed Phelan that the parties were at an impasse and State Farm intended to file the instant motion seeking finality on Phelan's '508 Patent claims.  **Exhibit 6.**

### III. LEGAL STANDARDS

Infringement contentions are treated as "initial disclosures."  *See* P.R. 3-1 & 3-2 ("Patent Initial Disclosures"); *see also Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-CV-

5

01366-JRG, 2021 WL 357495, at *2 (E.D. Tex. Feb. 2, 2021) ("Under the Discovery Order in this case—as is typical of discovery orders in this district—the parties had an obligation to disclose "the legal theories and, in general, the factual bases of the disclosing party's claims or defenses" as a part of their Initial Disclosures, in lieu of those mandated by Fed. R. Civ. P. 26(a)(1).").

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Accord Olivarez v. Geo Group, Inc.*, 844 F.3d 200, 203 (5th Cir. 2016).  Additionally, Rule 37(c)(1) allows the court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure" and to "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)," which includes "dismissing the action or proceeding in whole or in part."

"When a party moves for sanctions because the opposing party has failed to timely disclose or supplement its disclosures [or responses or answers], courts turn to Rule 37 to determine if sanctions are warranted. The most basic sanction is exclusion of the information or witness unless the failure was substantially justified or harmless. . . . But the court can impose other sanctions." *Fuller v. CIG Fin., LLC*, No. 3:22-CV-1289-D, 2023 WL 8482889, at *3 (N.D. Tex. Dec. 7, 2023). "The disclosing (or late disclosing) party bears the burden of proving the failure to timely disclose was substantially justified or harmless." *Lopez v. Fun Eats & Drinks, LLC*, No. 3:18-cv-1091-X, 2021 WL 3502361, at *4 (N.D. Tex. July 16, 2021), rep. & rec. adopted, 2021 WL 3493496 (N.D. Tex. Aug. 9, 2021) (granting motion to strike under Rule 37(c)).

Similarly, "Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders." *FURminator, Inc. v. PetVac Grp. LLC.*, No. 2-08-CV-338-TJW, 2011

WL 3439309, at *5 (E.D. Tex. Aug. 5, 2011) (granting motion for sanctions); Fed. R. Civ. P. 37(b)(2) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders.").

The sanctions available under Rule 37 are "flexible, and the Court has the authority to apply them in varied forms, depending on the facts of the case." *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, 259 F. Supp. 3d 530, 552 (E.D. Tex. 2017).

## IV.   ARGUMENT

Phelan cannot dispute that it intentionally disobeyed its disclosure obligations and the Court's Order requiring that infringement contentions be served by March 25, 2024. *See* D.I. 16. Pursuant to P.R. 3-1, Phelan was required to serve on State Farm "Disclosure of Asserted Claims and Infringement Contentions," including "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party." L.R. 3-1(a). Phelan failed to comply with the Order, when failed to provide any contentions related to the '508 Patent. *See* **Exhibit 2** (Phelan's infringement contentions omitting the '508 Patent). Having already been granted one extension for its infringement contentions, Phelan failed to move for another extension as to the '508 Patent. Phelan failed to seek leave of the Court to assert claims at a later time demonstrating that Phelan never had a good faith belief, let alone a Rule 11 basis, that State Farm infringed the '508 Patent.[4]

Rather, Phelan disregarded its disclosure obligations and the Court-ordered deadline for infringement contentions without any notice at all, thereby forcing State Farm to continue to expend resources analyzing non-infringement and invalidity issues as to the '508 Patent, including preparing a Rule 11 letter and responding to the allegations in the Complaint.

---

[4] Phelan also failed to provide a courtesy notice to State Farm that it would forego serving contentions as to the '508 Patent.

Furthermore, Phelan's violation of its disclosure obligations and the Court's discovery order was willful, justifying the imposition of sanctions. *See FURminator*, 2011 WL 3439309, at *5 ("willful" discovery violations justify Fed. R. Civ. P. 37 sanctions). To determine whether a party acted willfully within the meaning of Rule 37, a court may consider the violating party's knowledge of the discovery requirement. *See id.* at *6 (the court considered the defendant's "notice and knowledge of the [Discovery Order], as evidenced by the filing of the motion to extend" in determining that they acted willfully). Here, as in *FURminator*, Phelan had knowledge of the Scheduling Order and the Order granting the extension that Phelan asked for, both because its counsel attended the Scheduling Conference and the Conference's outcome was memorialized in the record and Phelan timely served infringement contentions for the '149 Patent. *See* D.I. 16.

Phelan knew all of this; however, failed to take any steps to seek leave to serve contentions past the court-ordered deadline or amend its complaint. Instead, Phelan stated in its April 4, 2024 letter to CMT that it had unilaterally "*opted* to proceed with *certain* claims based on the current status of the case" (emphasis added), reflecting its deliberate choice to ignore the Court's Order to serve contentions for all asserted patents in the case. As such, Phelan failed to comply with its disclosure obligations and the Court's Scheduling Order. *See Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-CV-01366-JRG, 2021 WL 357495, at *4 (E.D. Tex. Feb. 2, 2011) (striking pleadings related to certain defenses pursuant to Rule 37 when there was "no doubt" that the defendant violated its obligations under the Court's Discovery Order when the Order required the defendant to disclose legal theories and factual bases of its defenses, and it did not).

Phelan's actions prejudiced State Farm, which has expended resources litigating the '508 Patent. Phelan forced State Farm to review Drive Safe & Save®™ functionality with its technical personnel to verify that State Farm does not infringe the patents-in-suit, including the '508 Patent.

8

Phelan forced State Farm to perform substantial work relating to the '508 Patent for its invalidity contentions, the deadline for which was originally May 20, 2024 but was only extended to August 23, 2024 in light of Phelan's Motion to Consolidate.[5]  Further, Phelan chose to assert the '508 Patent against State Farm and then abandon it.  State Farm should have finality and certainty regarding that patent—it should not be made to litigate the '508 Patent a second time should Phelan unilaterally decide to reassert it at a later date.

The Court should not abide Phelan's willful disobedience of its disclosure obligations and the Court's Order.  Dismissal with prejudice of Phelan's '508 Patent infringement claims and an order that Phelan pay the attorney's fees and costs incurred by State Farm in connection with defending against the '508 Patent are warranted as sanctions because State Farm informed Phelan long ago that its claims related to that patent were frivolous, and Phelan nevertheless, asserted it, forced State Farm to defend it, and then dropped it without even a courtesy notice.  To date, Phelan has still failed to seek leave to file an amended complaint withdrawing the '508 Patent.  Furthermore, an order dismissing Phelan's '508 Patent claims and an award of attorney's fees and costs will streamline the issues in the case, provide certainty that Phelan will not seek to resurrect the '508 Patent at a later date, and provide an appropriate sanction for Phelan having not only filed its baseless claim in the first place but choosing to maintain those claims following State Farm's Rule 11 letter.

## V.   CONCLUSION

For the reasons discussed above, State Farm respectfully moves the Court to dismiss with prejudice "Count Two Infringement of U.S. Patent No. 9,908,508" of the Complaint pursuant to

---

[5] Phelan filed Plaintiff's Partially Opposed Motion to Consolidate for Pre-trial Discovery and Claim Construction on June 7, 2024.  D.I. 38.  The Court granted Phelan's Motion on July 12, 2024.

9

Federal Rule of Civil Procedure 37(c)(1) and award State Farm the attorney's fees and costs incurred defending against the '508 Patent. A proposed order is attached.

| | |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
| Douglas J. Kline<br>Lana Shiferman<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>(617) 570-1000<br>dkline@goodwinlaw.com<br>lshiferman@goodwinlaw.com | /s/ *Lana Shiferman*<br><br>Michael C. Smith<br>SCHEEF & STONE LLP<br>113 East Austin St.<br>Marshall, TX 75670<br>(903) 938-8900<br>Michael.Smith@solidcounsel.com<br><br>*Attorneys for Defendant/Counterclaimant State Farm Mutual Automobile Insurance Company* |
| Dated: July 22, 2024 | |

## **LOCAL RULE CV-7(h) CERTIFICATION**

This is to certify that counsel has complied with the meet and confer requirement in Local Rule CV–7(h) and this motion is opposed. The personal conference required by this rule was conducted telephonically on May 23, 2024 between counsel for Plaintiff The Phelan Group, LLC Drew DiNovo and counsel for Defendant State Farm Mutual Automobile Insurance Company Michael C. Smith, and no agreement could be reached because the parties disagree as to whether the plaintiff should be sanctioned for failing to provide infringement contentions as to U.S. Patent No. 9,908,508" by having its claims as to the '508 patent dismissed with prejudice.  Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Michael C. Smith*
Michael C. Smith