IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| THE PHELAN GROUP, LLC, *Plaintiff*, v. MERCEDES-BENZ GROUP AG, *Defendant*. | § § § § § § § § § | CIVIL ACTION NO. 2:23-cv-00607-JRG (LEAD CASE) |
| THE PHELAN GROUP, LLC, *Plaintiff*, v. HONDA MOTOR CO., LTD., *Defendant*. | § § § § § § § § § | CIVIL ACTION NO. 2:23-cv-00606-JRG (MEMBER CASE) |
| THE PHELAN GROUP, LLC, *Plaintiff*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Defendant*. | § § § § § § § § § § | CIVIL ACTION NO. 2:23-cv-00611-JRG (MEMBER CASE) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion for Sanctions Pursuant to Rule 37 (the "Motion"). (Dkt. No. 38.) In the Motion, Defendant requests "the Court to dismiss with prejudice 'Count Two Infringement of U.S. Patent No. 9,908,508' of the Complaint pursuant to Federal Rule of Civil Procedure 37(c)(1) and award State Farm the attorney's fees and costs incurred defending against the '508 Patent." (*Id*. at 9–10.) For the following reasons, the Court finds that the Motion should be **DENIED**.

I.      BACKGROUND

On December 18, 2023, Plaintiff The Phelan Group, LLC ("Plaintiff") filed its Original Complaint against Defendant. (No. 2:23-cv-00611-JRG, Dkt. No. 1.) In the Original Complaint, Plaintiff accused Defendant of infringing two patents: U.S. Patent Nos. 9,493,149 (the "'149 Patent") and 9,908,508 (the "'508 Patent"). (*Id*. ¶¶ 34–53.)

On February 14, 2024, the Court issued an Order setting a scheduling conference and requiring Plaintiff to comply with Local Patent Rules 3-1 and 3-2 by March 11, 2024. (No. 2:23-cv-00611-JRG, Dkt. No. 12.) Plaintiff then requested, and received, an extension of the deadline to comply with Local Patent Rules 3-1 and 3-2 until March 25, 2024. (No. 2:23-cv-00611-JRG, Dkt. Nos. 15, 16.) On March 25, 2024, Plaintiff served infringement contentions in compliance with Local Patent Rules 3-1 and 3-2 but only for the '149 Patent. (Dkt. No. 38-3.)[1]

On April 4, 2024, counsel for Plaintiff sent counsel for Defendant a letter. (Dkt. No. 38-4.) In the letter, counsel for Plaintiff stated that Plaintiff "reserves the right to seek leave to designate additional or different claims against [Defendant] after being provided discovery, including source code review." (*Id*. at 3.) Counsel for Plaintiff did not specifically address the '508 Patent. (*Id*.)

In response, Defendant requested Plaintiff to dismiss with prejudice its claim that Defendant infringes the '508 Patent. (Dkt. Nos. 38-5.) Counsel for Plaintiff informed counsel for Defendant on May 23, 2024 that Plaintiff planned to file an amended complaint that removed its '508 Patent infringement allegations. (Dkt. No. 38-7 at 1.) However, Plaintiff did not amend its Original Complaint before Defendant filed the Motion approximately two months later.

---

[1] This District's Local Rules provide that attachments and exhibits to motions and responses "should be in 'searchable PDF' form whenever possible." CV-7(a). Defendant failed to submit the exhibits to the Motion in a searchable PDF form. The Court expects future filings to adhere to this District's Rules and this Court's Orders.

On August 14, 2024, Plaintiff filed its First Amended Complaint ("FAC"). (Dkt. No. 59.) In the FAC, Plaintiff dropped its claim that Defendant infringes the '508 Patent. (*Id*.) Instead, Plaintiff asserts that Defendant only infringes the '149 Patent. (*Id*. ¶¶ 35–44.)

## II.   LEGAL STANDARD

Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The court has discretion over whether to issue additional sanctions. *Id*. As the Fifth Circuit has stated, "Rule 37 only requires the sanctions the Court imposes hold the scales of justice even." *Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981) (citation and quotes omitted). "To impose sanctions against a party, a court must make a specific finding that the party acted in bad faith." *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, No. 4:15-CV-00766-ALM, 2017 WL 3394118, at *3 (E.D. Tex. Aug. 7, 2017) (citation omitted).

## III.   ANALYSIS

In the Motion, Defendant argues that Plaintiff "intentionally disobeyed its disclosure obligations and the Court's Order requiring that infringement contentions be served by March 25, 2024." (Dkt. No. 38 at 7.) Defendant further argues that instead, Plaintiff seeks to improperly reserve the right to reassert its claim that Defendant infringes the '508 Patent. (*Id*. at 8.) According to Defendant, Plaintiff's "actions prejudiced [Defendant], which has expended resources litigating the '508 Patent," such as performing an infringement analysis of the accused products and working on invalidity contentions. (*Id*. at 8–9.) Defendant additionally argues that its requested sanctions are warranted because Defendant informed Plaintiff "long ago that its claims related to that patent were frivolous" in a Rule 11 letter. (*Id*. at 9.)

3

In response, Plaintiff accuses Defendant of engaging in gamesmanship itself. According to Plaintiff, Defendant opposed, then agreed to, consolidation of the above-captioned cases, which resulted in an extended deadline for Defendant to serve its invalidity contentions. (Dkt. No. 61 at 5.) Plaintiff further argues that after it received Defendant's non-infringement position on the '508 Patent, Plaintiff correctly narrowed the case to only the '149 Patent through its infringement contentions. (*Id*. at 5–7.)

In reply, Defendant argues that the "central issue" of the Motion is that Plaintiff "filed its suit without conducting the requisite pre-suit diligence, such that it was unable to serve early infringement contentions for the '508 Patent, as the Local Patent rules of this District require." (Dkt. No. 61 at 1.) According to Defendant, Plaintiff "never had a Rule 11 basis to sue [Defendant] on the '508 Patent." (*Id*. at 2.)

The Court finds that the Motion should be denied. As an initial matter, neither side has clean hands. When Plaintiff did not serve infringement contentions for the '508 Patent, it should have promptly amended its Original Complaint to drop the '508 Patent from the case. Instead, Plaintiff dragged its feet and did not amend the Original Complaint until after Defendant filed the Motion. Plaintiff fails to provide a reasonable explanation for this delay. If Plaintiff had been diligent, Defendant likely would not have filed the Motion. However, Plaintiff was not diligent, and this easily resolvable issue has unnecessarily imposed itself upon the Court's limited time and resources.

On the other hand, Defendant is also partly to blame. First, once Plaintiff filed the FAC and dropped the '508 Patent, Defendant could have withdrawn the Motion because it received most of the relief it was seeking. Second, despite Defendant's position that the "Complaint neglected to address each limitation of the '508 Patent," Defendant never moved to dismiss the

'508 Patent from the complaint. (Dkt. No. 38 at 3.) While Defendant correctly notes that Rule 12(b)(6) motions to dismiss "are disfavored" (*id.* at 3–4), Defendant still should have moved to dismiss Plaintiff's allegations regarding the '508 Patent if the allegations failed to state a claim, as Defendant now argues. Third, while Defendant complains about the time and money spent working on invalidity contentions and non-infringement positions, once Plaintiff failed to serve infringement contentions, Defendant was under no obligation to serve invalidity contentions or defend against the '508 Patent. Plaintiff's failure was an admission that it would no longer pursue infringement claims with respect to the '508 Patent. In view of that admission, Defendant had no reason to continue working on invalidity contentions or non-infringement theories. Moreover, once Plaintiff formally dropped the '508 Patent from its contentions, it streamlined the proceedings, ultimately lowering litigation costs for both Parties.

In any event, there is no failure to provide information under Rule 37 with respect to the '508 Patent infringement contentions because the '508 Patent effectively was no longer asserted when Plaintiff failed to include it in its infringement contentions. Plaintiff's choice to not serve '508 Patent infringement contentions and drop it from this case does not demonstrate bad faith. Further, Plaintiff eventually amended its complaint to officially remove the '508 Patent from the above-captioned case. At this early stage of the case, the Court finds that dismissal with prejudice of the '508 Patent is inappropriate.[2] Additionally, Defendant has failed to demonstrate that any of the requested sanctions are appropriate, given that the Court finds no bad faith.[3]

---

[2] Moreover, there is not even a '508 Patent infringement claim for the Court to dismiss with prejudice because it has been dropped from the operative FAC. However, if Plaintiff seeks to reassert the '508 Patent against Defendant through another amended complaint, the circumstances giving rise to this Motion will be considered in the Court's good cause analysis.

[3] The Court also disregards Defendant's Rule 11 arguments. The Motion is a request for sanctions under Rule 37(c)—not Rule 11. Defendant's overreach in seeking dismissal with prejudice and other sanctions in light of Plaintiff's sloppy lawyering casts Defendant in the same unflattering light it seeks to shine upon Plaintiff.

## IV.     CONCLUSION

Having considered the Motion, the Court finds that it should be and hereby is **DENIED**. This series of events does not reflect positively on either of the Parties or their counsel.

**So ORDERED and SIGNED this 1st day of October, 2024.**

*[Signature]*
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE